UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

STEPHANIE CALLA,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK STATE
DEPARTMENT OF MOTOR VEHICLES, P.O. JANE
DOE, in her individual and official capacity,

                        Defendants.

------------------------------------------------------------------------ x

**ANSWER TO COMPLAINT BY DEFNDANT CITY OF NEW YORK**

07 CV 4781 (SAS)

**Jury Trial Demanded**

Defendant City of New York by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges, upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning P.O. Jane Doe and the New York State Department of Motor Vehicles ("DMV") and admits that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the Complaint.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiff was arrested on or about March 7, 2006.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth the allegations set forth in paragraph "5" of the Complaint.

6. Denies the allegations set forth in paragraph "6" of the Complaint, except admits that the City of New York is a municipal corporation.

7. Denies the allegations set forth in paragraph "7" of the Complaint, except admits that upon information and belief, the New York State Department of Motor Vehicles is a state agency.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiff was arrested on or about March 7, 2006, and was charged with Aggravated Unlicensed Operation in the Third Degree and Unlicensed driving.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30" of the Complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the Complaint.

33. Denies the allegations set forth in paragraph "33" of the Complaint.

34. Denies the allegations set forth in paragraph "34" of the Complaint.

35. In response to the allegations set forth in paragraph "35" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "34," as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the Complaint.

37. In response to the allegations set forth in paragraph "37" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36", as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the Complaint.

39. Denies the allegations set forth in paragraph "30" of the Complaint.

40. Denies the allegations set forth in paragraph "40" of the Complaint.

41. The allegations set forth in paragraph "41" of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, defendant denies the allegations.

42. Denies the allegations set forth in paragraph "42" of the Complaint.

43. Denies the allegations set forth in paragraph "43" of the Complaint.

44. Denies the allegations set forth in paragraph "44" of the Complaint.

45. Denies the allegations set forth in paragraph "45" of the Complaint.

46. Denies the allegations set forth in paragraph "46" of the Complaint.

47. In response to the allegations set forth in paragraph "47" of the Complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "46", as if fully set forth herein.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "51" of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

54.  The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

55.  Defendant has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor has defendant City violated any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

56.  At all times relevant to the acts alleged in the Complaint, defendant, acted reasonably, properly, lawfully, and in good faith in the exercise of its discretion. Therefore, defendant City is entitled to governmental immunity from liability.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

57.  Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the negligent or culpable conduct of others and was not the proximate result of any act of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

47.  There was probable cause for plaintiff's arrest, detention and prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

48.  Punitive damages are not recoverable against the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        July 20, 2007

>                                   MICHAEL A. CARDOZO
>                                   Corporation Counsel of the
>                                   City of New York
>                                   *Attorney for Defendant City of New York,*
>                                   100 Church Street, Room 3-196
>                                   New York, New York 10007
>                                   (212) 788-9567
>
> By:   _____
>                                   Suzette Corinne Rivera (SR4272)
>                                   Assistant Corporation Counsel

TO:   Joseph J. Sullivan III, Esq.
      *Attorney for Plaintiff*

Index No: 07 CV 4781 (SAS)

| |
|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK |
| STEPHANIE CALLA,<br><br>            Plaintiff,<br><br>      -against-<br><br>THE CITY OF NEW YORK, THE NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, P.O. JANE DOE, in her individual and official capacity,<br><br>            Defendants. |
| **ANSWER TO COMPLAINT BY<br>CITY OF NEW YORK** |
| ***MICHAEL A. CARDOZO***<br>*Corporation Counsel of the City of New York*<br>*Attorney for Defendant City*<br>*100 Church Street*<br>*New York, N.Y. 10007*<br><br>*Of Counsel: Suzette Corinne Rivera*<br>*Tel: (212) 788-9567*<br>*NYCLIS No.* |
| *Due and timely service is hereby admitted.*<br><br>*New York, N.Y. ........................................., 200......*<br><br>*........................................................................ Esq.*<br><br>*Attorney for ........................................................* |